

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
~~JOHN REEVE GRIFFITH~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Paul T. Holt
County Attorney
Travis County
Austin, Texas

Dear Sir:

Opinion No. 0-2451
Re: Whether the tax assessor-col-
lector may, under the facts as
stated, transfer the voting
privilege.

We are pleased to reply to your letter of recent date, in which you request the opinion of this department, touching the following question:

How can the tax assessor-collector transfer the voting privilege of a person over sixty years of age, who did not reside in a city of 10,000 inhabitants, or more, on February 1st, 1940, and was not required to secure a Certificate of Exemption, upon such person removing to a new residence within a city of more than 10,000 inhabitants after February 1st, 1940?

Article 2960, Revised Civil Statutes, provides that a person over sixty years of age shall be entitled to vote without being required to pay a poll tax.

Article 2968, Revised Civil Statutes, requires every person thus exempted from the payment of a poll tax, who resides in a city of 10,000 inhabitants, or more, to secure a Certificate of Exemption before the first day of February of the year when such voter shall have become entitled to such exemption.

Article 2968a, Vernon's Annotated Civil Statutes, in its requirement of a Certificate of Exemption of persons who do not reside in a city of 10,000, or more, does not by its provisions apply to a person who is exempt from the payment of a poll tax by reason of over age.

There is no statutory requirement that a Certificate of Exemption, or any form of certificate, shall be secured by a person over age, who does not reside in a city of 10,000 inhabitants or more, as a prerequisite to his right to vote.

Articles 2966 and 2967, Revised Civil Statutes, contain regulations relating to the citizen who removes to another ward, precinct or county, but apply only to the citizen who has received a poll tax receipt or a Certificate of Exemption.

There is, therefore, no statutory regulation of the situation described in your letter; namely, where a citizen who does not reside in a city of 10,000 inhabitants, or more, and who is not required to secure a Certificate of Exemption, removes, after February 1st, to a city of more than 10,000 inhabitants. Absent which, there is no authority for a tax assessor-collector to make any transfer on his records touching the voting place of such person.

Accordingly, you are respectfully advised that, inasmuch as there is no statutory provision or regulation whereby the tax assessor-collector may make any transfer on his records in the situation described, there is no way he may do so.

We are, of course, expressing no opinion as to the right of the described individual to vote, or as to the manner in which, or the place at which, he may be allowed to vote.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By  /s/ Zollie C. Steakley
        Zollie C. Steakley
                Assistant

ZCS:ob:lm

APPROVED JUN 27, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE

BY /s/ BWB
CHAIRMAN